UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON F. LIVERPOOL,

          Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

          Defendants.

18-CV-1354 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* plaintiff Anton Liverpool filed this action pursuant to 42 U.S.C. § 1983 more than two years ago, on February 13, 2018. By Order dated August 10, 2018, the Court gave plaintiff leave to file an amended complaint on or before September 10, 2018. (Dkt. No. 16.) On September 6, 2018, plaintiff filed his Amended Complaint, seeking damages from the City of New York and various correctional officers for injuries suffered in a series of assaults by other inmates that allegedly took place in February 2015 while Liverpool was incarcerated at Riker's Island. The first such assault, according to the Amended Complaint, took place, "on the day after leaving [Elmhurst] hospital." (Dkt. No. 18 at 1.)

The Court's Initial Case Management Order, dated January 15, 2019, stated: "The parties shall not further amend their pleadings, or join additional parties, absent leave of the Court." (Dkt. No. 37 ¶ 1.)

Fact discovery closed on December 20, 2019. (*See* Dkt. Nos. 63, 66.) After a telephonic conference held on May 18, 2020, the Court reopened discovery for the limited purposes of (a) obtaining plaintiff's properly executed medical releases and corresponding medical records, and (b) taking plaintiff's deposition. (Dkt. No. 81 ¶ 1.) At the same time, the Court denied plaintiff's request (Dkt. No. 67) to further pursue the identity of two John Doe defendants referenced in his Amended Complaint, both on timeliness grounds and because it was too late to expand discovery.

During the May 18 conference, there was no other discussion regarding potential amendments to or expansion of plaintiff's pleading.

On May 28, 2020, Liverpool filed a handwritten document entitled "Amendment of Complaint" (Amendment), which purports to add two new defendants – identified as Officer Leach and Officer John Doe – and seeks damages arising out of what appears to be yet another inmate assault in February 2015. The Amendment describes an assault that took place two days before plaintiff was taken to Elmhurst hospital ("due to an unrelated injury") and was perpetrated by "an inmate sleeping in the bed to the right of plaintiff towards the back . . . window directly across from the officers['] station" where Officer Leach was on duty. (Dkt. No. 82 at 1-2.) Plaintiff alleges that Officer Leach was not "concentrating on plaintiff's housing area" and failed to notice the assault; that Officer Leach and Officer Doe, who was also on duty, failed to report the assault or separate plaintiff from the assailant; and that as a result of the assault, plaintiff suffered a dislocation of his right pinky finger. (*Id*.)

By letter-motion dated June 3, 2020, defendants ask the Court to dismiss the Amendment as time-barred. (Dkt. No. 83.)

Since the time within which plaintiff could amend his pleading without first seeking leave from the Court expired long before he filed the Amendment, the Court construes plaintiff's filing as a motion made pursuant to Fed. R. Civ. P. 15(a)(2) for leave to further amend his pleading.

Rule 15(a)(2) states that leave to amend should be "freely" given "when justice so requires." Rule 16(b)(4), however, states that a scheduling order, once issued by the court, "may be modified only for good cause and with the judge's consent." Thus, a court may deny a motion for leave to amend a pleading if the motion was made "after the deadline set in the scheduling order" and "the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d

326, 340 (2d Cir. 2000); *accord Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A finding of "good cause" depends on the diligence of the moving party. *Presbyterian Church of Sudan*, 582 F.3d at 267 (citing *Parker*, 204 F.3d at 340). "The party must show that, despite its having exercised diligence, the applicable deadline [set in the court's scheduling order] could not reasonably have been met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009).

Plaintiff has not shown good cause to expand his complaint, at this late date, to include a new claim, against new defendants, arising out of an incident that predated those alleged in his original and amended complaints. Notwithstanding his *pro se* status, plaintiff was required to exercise diligence to plead all of his claims in a timely manner. The Court's August 10, 2018 Order specifically advised him that his amended complaint would "replace – not supplement – the original complaint. In other words, it must stand on its own. It must (a) identify all of the defendants against whom plaintiff intends to make a claim; (b) assert one or more legal claims against each defendant; and (c) set forth all of the facts necessary to support those claims." (Dkt. No. 16 ¶ 1 (emphasis in the original).) Moreover, there can be no plausible claim that plaintiff was unaware of the incident alleged for the first time in the Amendment or unable to include it in his Amended Complaint. The Court therefore need not reach the question whether any § 1983 claim arising out of the newly-alleged incident would be time-barred. *See Tulczynska v. Queens Hosp. Ctr.*, 2020 WL 2836759, at *4 n.5 (S.D.N.Y. June 1, 2020) ("claims brought under 42 U.S.C. § 1983 are subject to New York's three-year statute of limitations for personal injury actions"); Fed. R. Civ. P. 15(c)(1)(B) (an amendment "relates back to the date of the original pleading" when,

3

among other things, it asserts a claim arising "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading").

For these reasons, plaintiff's motion for leave to further amend his pleading is DENIED for lack of good cause, leaving plaintiff's Amended Complaint, filed on September 6, 2018 (Dkt. No. 18), as the operative pleading.

The Clerk of Court is respectfully requested to mail a copy of this Order to plaintiff Liverpool.

Dated: New York, New York
       June 9, 2020                             **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**