```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON F. LIVERPOOL,

           Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

           Defendants.

18-CV-1354 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* plaintiff Anton Liverpool, who is currently incarcerated in Rhode Island, filed this action pursuant to 42 U.S.C. § 1983 on February 13, 2018. His Amended Complaint (Dkt. No. 18), filed on September 6, 2018, seeks damages from the City of New York (City) and various correctional officers for injuries suffered in a series of assaults by other inmates that allegedly took place in February 2015 while Liverpool was incarcerated on Riker's Island. The last such assault took place on February 12, 2015. Am. Compl. at 4.

Fact discovery closed initially on December 20, 2019 (*see* Dkt. Nos. 63, 66), after which it was reopened for the limited purposes of (a) obtaining plaintiff's properly executed medical releases and corresponding medical records, and (b) taking plaintiff's deposition. (Dkt. No. 81 ¶ 1.)[1] Thereafter, on October 16, 2020, defendants moved for summary judgment (Dkt. No. 89), on the ground that all of plaintiff's claims are barred by a notarized General Release that he executed on February 29, 2016, when settling an earlier state-court lawsuit against the City, in which he was represented by counsel. In that document, plaintiff released and forever discharged:

> the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [plaintiff] had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or

---

[1] On May 28, 2020, during the extended discovery period, plaintiff filed a document entitled Amendment of Complaint (Dkt. No. 82), through which he proposed to add two new correctional officer defendants and state claims arising out of another inmate assault at Rikers Island, which allegedly took place prior to the assaults alleged in the Amended Complaint. The Court construed the filing as a motion for leave to further amend the Amended Complaint and, on June 9, 2020, denied it. (Dkt. No. 85.) Thereafter, in an undated letter (Dkt. No. 86), plaintiff renewed his request for leave to further amend his pleadings to add claims arising out of the earlier assault. The Court construed the letter in part as a motion to reconsider or modify the June 9 order and, on June 26, 2020, denied it. (Dkt. No. 87.)

by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE. This RELEASE and settlement constitutes complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorney's fees and disbursements.

(Dkt. No. 90-3.)

After obtaining a six-week extension of his time to oppose the summary judgment motion, until January 29, 2021 (Dkt. No. 97), plaintiff submitted an undated letter, postmarked December 11, 2020 (Dkt. No. 99), stating that he had written to the New York City Law Department to "furnish him with a copy of any other release that he may have signed with the City of New York in the past" and asserting that he requires those documents to assist him in filing his brief in opposition to summary judgment. The record does not disclose whether or when the Law Department responded to plaintiff's request.

The Court construes plaintiff's most recent letter as a motion to compel the production of any other releases he executed in favor of the City and extend his deadline for opposing defendants' summary judgment motion until such production occurs. As so construed, the motion is DENIED. Plaintiff does not explain the relevance of the other releases (if any) to the pending summary judgment motion, which relies solely on the February 29, 2016 General Release. He has thus failed to show that absent the requested relief he "cannot present facts essential to justify [his] opposition" to defendants' motion. Fed. R. Civ. P. 56(d).

The Clerk of Court is respectfully requested to mail a copy of this Order to plaintiff Liverpool.

Dated: New York, New York
      January 4, 2021           **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2