```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 08/12/2021           │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                    :

LIVERPOOL,                             :

                        Plaintiff,             :

                                 :          18-cv-1354 (LJL)

         -v-                         :

                                 :        OPINION AND ORDER

CITY OF NEW YORK, et al.,           :

                                 :

                     Defendants.          :

                                 :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants Turhan Gumusdere, Freeman Williams, Sharon Davis, Alisa Nelson, and the

City of New York ("Defendants") move, pursuant to Federal Rule of Civil Procedure 56, for

summary judgment.  Dkt. No. 89.

      Plaintiff Anton F. Liverpool ("Liverpool" or "Plaintiff") commenced this action on

February 13, 2018 by a complaint naming as Defendants the New York City Department of

Corrections ("DOC"), former DOC Officer Hercules Davis, and several "John Doe" officers.

Dkt. No. 1.  On September 6, 2018, Plaintiff filed an amended Complaint naming the moving

Defendants as well as two "John Doe" correction employees as Defendants.  Dkt. No. 18.  He

alleges that from the time of his arrest on February 7, 2015 until February 12, 2015, while

detained at the Anna M. Kross Center ("AMKC"), he was assaulted on various occasions by

other inmates, on one occasion an officer watched and sanctioned the assault, and he was

subsequently denied medical treatment.  *Id.*  He claims that the warden and officers at the

institution instigated and failed to protect him from the assaults.  *Id.*

      Defendants' motion is based on a General Release dated February 29, 2016 and signed by

Plaintiff in connection with a separate litigation filed in New York State Supreme Court,

*Liverpool v. City of New York*, Index No. 303373/2014, where he was represented and which

settled for $15,000.  Dkt. No. 90-3, ("Pérez Decl."), Ex. C ("General Release"); Dkt. No. 91 ¶ 4.

Pursuant to the General Release, all claims against defendants in that action were released

and forever discharged:

> the City of New York, and all past and present officers, directors, managers,
> administrators, employees, agents, assignees, lessees, and representatives of the
> City of New York, and all other individually named defendants and entities
> represented and/or indemnified by the City of New York . . . from *any and all
> claims, causes of action, suits,* debts, sums of money, accounts, controversies,
> transactions, occurrences, agreements, promises, damages, judgments, executions,
> and demands *whatsoever, known or unknown, which [Plaintiff] had, now has or
> hereafter can, shall, or may have, either directly or through subrogees or other
> third persons . . . for, upon or by reason of any matter, cause or thing whatsoever
> that occurred through the date of this RELEASE*. This RELEASE and settlement
> constitutes complete payment and satisfaction for all damages and injuries,
> including all claims for costs, expenses, attorney's fees and disbursements.

General Release; Dkt. No. 91 ¶ 5.  On the face of the General Release, it states in bold type

"THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY

UNDERSTANDS IT."  General Release; Dkt. No. 91 ¶ 6.

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the moving party is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'material' for

these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n

issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for

the nonmoving party.'"  *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether

there are any genuine issues of material fact, the Court must view all facts "in the light most

favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008),

and the movant bears the burden of demonstrating that "no genuine issue of material fact exists,"

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with

admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary

judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may

not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion

for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).

Nor may the non-moving party "rely on conclusory allegations or unsubstantiated speculation."

*F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

Rather, to survive a summary judgment motion, the opposing party must establish a

genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P.

56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). To defeat a motion for

summary judgment, the non-moving party must demonstrate more than "some metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations

in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the

motion are not credible." *Gottlieb v. Cnty. Of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal

citation omitted).

"[S]pecial solicitude should be afforded pro se litigants generally, when confronted with

motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) (citing

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). Submissions by pro se

litigants "are held 'to less stringent standards than formal pleadings drafted by lawyers.'"

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520

(1972)); *see also Young v. N.Y.C. Dep't of Educ.*, 2010 WL 2776835, at \*5 (S.D.N.Y. July 13,

2010) ("These same principles apply to briefs and opposition papers filed by pro se litigants.").

Courts read opposition papers of pro se litigants "liberally and interpret them 'to raise the

strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.

1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  "This guidance applies

with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Lab.*,

709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200

(2d Cir. 2004)).  However, "pro se status 'does not exempt a party from compliance with

relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

"[S]ettlement agreements are contracts and must therefore be construed according to

general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)

(quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).

"Where the language of [a] release is clear, effect must be given to the intent of the parties as

indicated by the language employed." *Tromp v. City of New York*, 465 F. App'x 50, 53 (2d Cir.

2012) (quoting *Wang v. Paterson*, 2008 WL 5272736, at \*4 (S.D.N.Y. Dec. 18, 2008)).  "Under

New York law, a release that is clear and unambiguous on its face and which is knowingly and

voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463

(2d Cir. 1998).  "Words of general release are clearly operative not only as to all controversies

and causes of action between the releasor and releasees which had, by that time, actually ripened

into litigation, but to all such issues which might then have been adjudicated as a result of pre-

existent controversies." *Mateo v. Carinha*, 2020 WL 564160, at \*2 (2d Cir. Feb. 5, 2020).

"A defendant has the initial burden of establishing that a release bars the plaintiff's

claims." *Braxton/Obed-Edom v. City of New York*, 2019 WL 8955261, at \*3 (S.D.N.Y. Sept. 17,

2019) (quoting *Muhammad v. Schriro*, 2014 WL 4652564, at \*4 (S.D.N.Y. Sept. 18, 2014)).

"The burden then shifts to the plaintiff to show that there has been fraud, duress or some other

fact which will be sufficient to void the release." *Id.* (quoting *Muhammad*, 2014 WL 4652564, at

\*5) (internal quotation marks omitted).

The language of the General Release here is clear and unambiguous. *See Arzu v. City of*

*New York*, 2015 WL 4635602, at \*4 (S.D.N.Y. Aug. 3, 2015) (holding that identical language in

City release is clear and unambiguous and citing cases). "[B]y its plain meaning, it applies to

any claim by [Liverpool] arising during the relevant period against the City and its employees."

*Id.* "[B]y contrast to releases with a narrower scope, the Release applies 'without limitation [to]

all claims that a party ever had against a party until the date of the release,' and contains no

language either restricting it to claims which could have been alleged in the earlier action, or

limiting its admissibility to the prior proceedings." *Id.* (quoting *Peterson v. Regina*, 935 F. Supp.

2d 628, 636 n.3 (S.D.N.Y. 2013)).

The General Release clearly bars Plaintiff's claims here. Those claims are based on acts

that took place in February 2015, before the date of the General Release. The persons named by

Plaintiff in this action are covered by the General Release. They include the City and its past and

present officers, employees, representatives, and persons indemnified by the City of New York.

Plaintiff does not dispute that he signed the General Release, that he was represented by counsel,

and that he received consideration in connection with his agreement to the General Release.[1]

---

[1] The Court notes, however, that consideration is not required for a release to be enforceable

Plaintiff has two responses.  In response to Defendants' Rule 56.1 statement, he asserts that he did not read the General Release and that it was agreed by his lawyer that the current claim would be brought to the City's attention as outside the scope of the release and that the release would cover only actions he was currently litigating.  Dkt. No. 105 ¶ 5-6.  In his memorandum in opposition, he argues that Defendants' reliance on the release is untimely because the release was not asserted as an affirmative defense in the answer.  Dkt. No. 104 at 3-4.  Those responses are unavailing.

Plaintiff's contention that his lawyers led him to believe that "only the claims being litigated at the time of the signing of the [General] release would be affected" does not deprive Defendants of the benefit of the release.  *See* Dkt. No. 105 ¶ 5.  "'[I]t is well-established that a general release containing language that is clear and unambiguous will protect parties from lawsuits,' and only 'duress, illegality, fraud or mutual mistake are causes sufficient to invalidate it.'"  *Muhammad*, 2014 WL 4652564, at *5 (quoting *Phillips S. Beach, LLC v. ZC Specialty Ins. Co.*, 867 N.Y.S.2d 386 (1st Dep't 2008)); *see also Braxton*, 2019 WL 8955261, at *3 (rejecting argument that plaintiff intended to limit the scope of a general release and noting that where "the General Release is clear and unambiguous, 'the Court cannot consider extrinsic evidence of the parties' intent and must enforce the release according to its terms.'" (quoting *Mateo v. Carinha*, 2019 WL 1409727, at *3 (S.D.N.Y. Mar. 28, 2019))).

Rule 8(c) of the Federal Rules of Civil Procedure requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including: . . . release."  Fed. R. Civ. P. 8(c).  However, "a district court may entertain unpleaded affirmative

---

under New York law.  *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 401 (S.D.N.Y. 2002) (citing N.Y. Gen. Oblig. Law § 15-303).

defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad

faith, or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings."

*Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014) (quoting

*Rose v. AmSouth Bank of Fla.*, 391 F.3d 63, 65 (2d Cir. 2004)); *see also Lambrinos v. Exxon*

*Mobil Corp.*, 349 F. App'x 613, 615 (2d Cir. 2009) ("[A] district court has the discretion to

consider an otherwise forfeited . . . defense when deciding a motion for summary judgment.");

*JD2 Env't, Inc. v. Endurance Am. Ins. Co.*, 2017 WL 751157, at *8 n.11 (S.D.N.Y. Feb. 27,

2017) (holding that absent prejudice a defendant may raise an affirmative defense in a motion for

summary judgment for the first time); *Nouveau Indus. Inc. v. Liberty Mut. Ins. Co.*, 2011 WL

10901796, at *11 (S.D.N.Y. Sept. 7, 2011) ("[T]he Second Circuit has recently held that 'absent

prejudice to the plaintiff, a defendant may raise affirmative defense [sic] in a motion for

summary judgment for the first time.'" (quoting *Lambrinos*, 349 F. App'x at 615));

*Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Surety Co.*, 2010 WL 3735786, at *11

(E.D.N.Y. Sept. 20, 2010) (permitting assertion of affirmative defense for the first time on

motion for summary judgment where plaintiff did not articulate prejudice).

Defendants may move for summary judgment based on the release notwithstanding that

they did not assert it as an affirmative defense in the answer.  This is not a case where had

Defendants asserted their defense earlier, Plaintiff "could have timely brought his action in

another forum."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  Nor is it a case

where plaintiff was unaware of the facts giving rise to the defense and "the defendant . . . should have informed plaintif[f]." *Id.* at 350. Plaintiff has not spent "time [or] effort . . . in litigating this matter" much less suffered substantial prejudice as a result of Defendant's failure to assert the defense earlier. *Id.* at 351. Plaintiff has now been given notice of Defendants' intent to rely upon the release "and an opportunity to respond." *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003).

Plaintiff has not identified any facts that would support a claim of bad faith, or dilatory motive or undue delay. *Sompo Japan Ins. Co.*, 762 F.3d at 176. Defendants' counsel has submitted a declaration that when he was first assigned this matter, he conducted a review of the City's case related database of prior lawsuits brought by plaintiff against the City of New York and discovered that plaintiff had three pending cases including this one, but not the state lawsuit from 2016 which Plaintiff settled for money in exchange for a release. *See* Pérez Decl. at ¶ 3. Plaintiff was absent from the lawsuit first for nine consecutive months and then over the course of five months during a portion of which time he was moved between different facilities and then released. *See* Dkt. Nos. 47, 59. Defense counsel discovered the release after Plaintiff reappeared in March 2020 and then promptly moved for summary judgment on October 16, 2020. *See* Dkt. No. 89. On those facts, "[t]he interests of justice are served by [the Court's] consideration of the Release on the merits." *Cooper v. City of New York*, 2018 WL 5115565, at \*5 (E.D.N.Y. Oct. 11, 2018) (considering summary judgment motion based on release and rejecting claim of bad faith and dilatory motive).[2]

---

[2] This case is thus distinguishable from *Liverpool v. Davis*, 2020 WL 7398745 (S.D.N.Y. Dec. 17, 2020), in which another judge in this District precluded defendants from amending their answer to assert a defense based on Plaintiff's release. The court there denied leave to amend because "Defendants essentially failed to review their files on Plaintiff—for more than three years—and in the interim, the parties engaged in extensive discovery and litigated a motion for

Defendants' motion for summary judgment is GRANTED.  The Clerk of Court is respectfully directed to close this case.


SO ORDERED.

Dated: August 12, 2021
      New York, New York                                      LEWIS J. LIMAN
                                     United States District Judge

---

summary judgment." *Id.* at *4.  Here, by contrast, Defendants did review their files and only failed to discover the release because the search was not broad enough and the name on the file was misspelled.  Moreover, there has been no extensive discovery much less a motion for summary judgment.